No. 13,956.

SILVER STATE BUILDING AND LOAN ASSOCIATION *v.* CRUMP.
(58 P. [2d] 1221)

Decided June 15, 1936.

Messrs. TWITCHELL, CLARK & BURKHARDT, for plaintiff in error.

Mr. HAMLET J. BARRY, Mr. LOUIS C. GERDING, JR., for defendant in error.

*In Department.*

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the association and defendant in error as Crump.

Crump brought this action to recover on an alleged loan. The association contended he was a mere stockholder. The jury returned a verdict for Crump and to review the judgment entered thereon the association prosecutes this writ and asks that it be made a supersedeas.

The thirteen assignments, so far as they can be considered at all, raise but two questions: (1) The sufficiency of the evidence; (2) an alleged prejudicial statement of counsel.

1. Crump bought stock in the association on monthly payments. Before completing these he became dissatisfied and, on advice of counsel, sought to withdraw, which under his contract he was entitled to do. An authorized agent settled with him for what he termed "a time certificate paying off in a period of one year." This was evidenced by the following receipt:

"Received from Mr. Guy C. Crump, Pass Book #A 1740, Cash value $1198.18 and in cash $1.82 to be credited on a fully paid time certificate, am't $1200.00 to run for one year, expiring June 30, 1935.

"Silver State B. & L. Ass'n.
"A. H. Menke."

Later the agent attempted to substitute other stock by delivering the same to Crump's wife. This was returned when Crump demanded payment as per his receipt. The association thus claims an acceptance. It also denies the legal right of the agent, or the association, to settle as per the foregoing receipt and relies upon the defense of ultra vires. Crump kept the second certificate too long, but

testified he thought it the "time certificate" called for by his receipt. In any event the matter was fully gone into and the question was for the jury.

■■ The defense of ultra vires was not pleaded. It must be. 49 C. J., p. 194, §223. Counsel contend it could not be in the instant case. We think otherwise. Moreover, the association appears to have profited by this transaction and Crump, relying thereon, to have changed his position. In such case the defense is not available. *Denver Fire Ins. Co. v McClelland,* 9 Colo. 11, 9 Pac. 771; *Arkansas Valley T. & L. Co. v. Lincoln,* 56 Kan. 145, 42 Pac. 706.

■ 2. Counsel for Crump, in argument, said the association had attempted to "gyp" his client. There was a dispute about an alteration in a document and another about the association's alleged attempt to induce Crump to take dividends on disputed stock and thus ratify. These, together with the dispute concerning the contract itself, were sufficient to support counsel's argument, however inartistic his expression.

This is little more than a case of conflicting evidence and we think the verdict amply supported.

The judgment is affirmed.

Mr. Justice Hilliard and Mr. Justice Holland concur.